GEORGE D. YARON, ESQ. (State Bar #96246) gyaron@yaronlaw.com
HENRY M. SU, ESQ. (State Bar #171853) hsu@yaronlaw.com
YARON & ASSOCIATES
601 California Street, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | Case No. **'13CV2192 W    DHB** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| RYAN MERCALDO LLP, RYAN MERCALDO & WORTHINGTON LLP, AND BRIAN P. WORTHINGTON | |
| Defendants. | |

NOW COMES Plaintiff, Lincoln General ("Lincoln General"), by and through its attorneys, Yaron & Associates, and for its Complaint against Defendants Ryan Mercaldo LLP, Ryan Mercaldo & Worthington LLP ("RMW"), and Brian P. Worthington (collectively, "Defendants" unless otherwise noted), allege, state, and aver as follows:

### Parties

1.  Lincoln General Insurance Company is a Pennsylvania corporation with its principal place of business in York, Pennsylvania.

2.  Based upon information and belief, Ryan Mercaldo LLP ("Ryan Mercaldo") is a law firm organized as a limited liability partnership under the laws of the State of California, with its principal place of business in California.

3.  Based upon information and belief, Ryan Mercaldo & Worthington, LLP was a

1

Complaint

law firm organized as a limited liability partnership under the laws of the State of California, with its principal place of business in California, which was the predecessor to Ryan Mercaldo LLP.

4. Based upon information and belief, Brian P. Worthington is an attorney that previously was a partner in the law firm Ryan Mercaldo & Worthington, LLP and currently is an attorney practicing in San Diego, California.

### Jurisdiction & Venue

5. This Court has jurisdiction under 28 U.S.C. §§ 1332(a), 1441 *et seq.*, and 1446, as diversity of citizenship exists between the Plaintiff and the Defendant, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. This Court has personal jurisdiction over Ryan Mercaldo LLP, RMW and Brian Worthington because Ryan Mercaldo LLP, RMW and Brian Worthington has engaged in continuous and systematic business within the State of California. In the alternative, this Court has specific personal jurisdiction over Ryan Mercaldo LLP, RMW and Brian Worthington because Ryan Mercaldo LLP, RMW and Brian Worthington has maintained minimum contacts with the State of Illinois and/or has purposefully availed itself of the protections of Illinois law as set forth herein.

7. Venue is appropriate pursuant to 28 U.S.C. §§84 and 1391 because a substantial part of the events or omissions giving rise to this Complaint occurred within the Southern District of California.

### Underlying Matter

8. On April 9, 2009, Lillian and Chris Gradillas filed a Complaint for Damages against, and wherein they sought damages from, Kenneth Nwadike, Jr., America Bus Line, and others, in an action captioned *Gradillas v. Nitelife Express, Inc., et. Al.*, No. CGC-09-487088 in the Superior Court of California, County of San Francisco (the "underlying matter").

Complaint

9. Lincoln General issued a commercial general liability ("CGL Policy") to America Bus Line and a business auto policy ("auto policy") to Kenneth Nwadike, Jr. dba America Bus Line. Both policy periods were June 12, 2007 to June 12, 2008.

10. The Complaint for Damages in the underlying matter alleged that Mr. Nwadike owned America Bus Line.

11. The CGL Policy and the auto policy both provided a duty to defend and a duty to indemnify covered claims, subject to the policies' respective terms, conditions and exclusions.

12. After receiving notice of the claim associated with the underlying matter and on May 27, 2009, Lincoln General agreed to undertake the defense of America Bus Line and Nwadike in the underlying matter under a reservation of rights under its CGL Policy.

### Lincoln General Retained Mr. Worthington and RMW as Counsel

13. RMW held itself out as legal experts of insurance-related legal issues.

14. On or around May 28, 2009, through a telephone call and letter, Lincoln General requested that Mr. Brian Worthington, a then-partner with RMW, act as Lincoln General's attorney and form and provide professional and legal analysis and opinion regarding its insurance coverage obligations associated with the underlying matter.

15. Mr. Worthington and RMW affirmatively and explicitly agreed to be retained by Lincoln General and to represent Lincoln General on or around May 28, 2009 and form and provide professional analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter.

16. Lincoln General was available to and offered to provide any additional, requested materials or information to Mr. Worthington and RMW.

17. Mr. Worthington and RMW were aware that Lincoln General could and would provide any additional materials or information to him with respect to his professional and legal analysis and opinion regarding its insurance coverage obligations associated with the underlying

3

Complaint

matter.

18. Mr. Worthington was aware that Lincoln General had issued the GL and auto policies.

19. On June 22, 2009, Mr. Worthington sent Lincoln General the professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter to Lincoln General ("coverage analysis").

20. Mr. Worthington and RMW never requested a copy of the auto policy from Lincoln General.

21. Upon information and belief, Mr. Worthington and RNW never obtained, reviewed or analyzed the auto policy before or when providing the professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter.

22. Mr. Worthington and RMW did not advise Lincoln General in the professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter, or before that time or after that time, as to all the potential repercussions, legal problems, and adverse consequences if Lincoln General completely withdrew its defense of Mr. Nwadike and America Bus Line in the underlying matter.

23. If Lincoln General had received a full and complete professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter from Mr. Worthington and RMW, and if it had been properly advised by Mr. Worthington and RMW regarding all the potential repercussions, legal problems, and adverse consequences if Lincoln General completely withdrew its defense of Mr. Nwadike and America Bus Line in the underlying matter, Lincoln General would have avoided the imposition of legal problems and adverse consequences.

24. On July 6, 2009, consistent with Mr. Worthington's and RMW's professional and

4

Complaint

legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter, Mr. Worthington sent two letters to America Bus Line, one denying coverage, which referenced the auto policy, and one withdrawing the defense of Mr. Nwadike and America Bus Line in the underlying matter.

25. Mr. Worthington was acting within the scope of his employment with RMW in his representation of Lincoln General and when he undertook and provided his professional and legal analysis and opinion regarding its insurance coverage obligations associated with the underlying matter.

26. Counsel for Mr. Nwadike and America Bus Line supplied by Lincoln General withdrew from representation of them in the underlying matter.

27. Upon information and belief, on or around August 2011, Lillian and Chris Gradillas and Mr. Nwadike entered into a stipulation for entry of judgment, which provided, *inter alia*, that the parties would work together to have a court enter judgment against Mr. Nwadike and in favor of Lillian Gradillas for $2 million and in favor of Chris Gradillas for $500,000.

28. On February 6, 2012, Lillian and Chris Gradillas voluntarily dismissed the underlying matter.

29. On September 14, 2012, Lillian and Chris Gradillas appeared in the underlying matter in the Superior Court of California, *ex parte*, and requested that the underlying matter be reopened and that judgment be entered for them and against Nwadike dba America Bus Line and America Bus Line on the ground that attorney error caused the matter to be dismissed prior to the entry of the agreement for entry of a stipulated judgment entered by Lillian and Chris Gradillas and Mr. Nwadike.

30. On September 14, 2012, the California Superior Court ordered judgment for $2.5 million against Nwadike dba America Bus Line and America Bus Line in favor of Lillian Gradillas for $2 million and in favor of Chris Gradillas for $500,000.

Complaint

**Coverage Action**

31. Lillian and Chris Gradillas filed suit against Lincoln General, seeking $2.5 million from Lincoln General as assignees and judgment creditors through the underlying matter in California Superior Court, County of San Francisco (the "coverage action").

32. The coverage action was removed to the U.S. District Court for the Northern District of California.

33. On September 28, 2012, Lillian and Chris Gradillas filed a motion for partial summary judgment against Lincoln General in the coverage action, alleging that the underlying claim associated with the underlying matter was covered under the Lincoln General auto policy because, *inter alia*, the bodily injury arose out of the "use" of an auto and the automobile in use was covered under the auto policy as a temporary substitute despite not being on its schedule of covered automobiles.

34. On December 3, 2012, the district court awarded Lillian and Chris Gradillas partial summary judgment against Lincoln in the coverage action and found Lincoln General breached its duty to defend under the auto policy.

35. On or around March 22, 2013, the district court entered final judgment of $2.5 million against Lincoln General in the coverage action.

36. On April 1, 2013, Lincoln General set forth a notice of appeal of the coverage action. Lincoln General maintains that the auto policy does not provide coverage for the underlying matter and will continue to do so. The filing of this Complaint in no way is admission that the auto policy provides coverage for the underlying matter. The district court ruled against Lincoln General, however, and the appellate court may do so as well.

37. On or around April 9, 2013, Lincoln General filed a supersedeas bond in the amount of $3.125 million in order to proceed with its appeal of the coverage action.

6

Complaint

38. Lincoln General was forced to incur significant costs and legal fees in opposing summary judgment, in opposing an award of prejudgment interest, and in preparing for the appeal in the coverage action, and in filing the $3.125 million supersedeas bond, which combined are in excess of $75,000.00 and which continue to accrue.

39. Upon information and belief, Ryan Mercaldo is the successor of RMW through continuation of the business, through contract, or otherwise.

**COUNT 1 - LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE**
**(Against All Defendants)**

40. Lincoln General realleges incorporates paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Upon being retained by Lincoln General, Mr. Worthington and RMW accepted the duty to use such skill, prudence, and diligence as attorneys commonly possess and exercise when representing Lincoln General in all aspects of forming and providing professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter and all matters related thereto, including related matters to which it was aware and all legal problems and adverse consequences related thereto.

42. Mr. Worthington and RMW breached the duty to use such skill, prudence, and diligence as attorneys commonly possess and exercise by failing to analyze all insurance policies that provided a duty to defend to Mr. Nwadike and/or America Bus Line in the underlying matter prior to advising that Lincoln General had no duty to defend in the underlying matter; failing to request, review, and/or analyze the auto policy prior to advising that Lincoln General had no duty to defend in the underlying matter; failing to advise Lincoln General of the repercussions of withdrawing the defenses of Mr. Nwadike and America Bus Line in the underlying matter; providing an inaccurate coverage position in a letter to the policyholder; failing to provide Lincoln General a full and complete insurance coverage analysis; failing to advise regarding

related matters to which it was aware; and failing to advise Lincoln General of the potential adverse consequences of and legal problems regarding Lincoln General's conduct related to the underlying action, among other things.

43. But for the professional negligence and legal malpractice of Mr. Worthington and RMW, Lincoln General would not have had a $2.5 million judgment entered against it and would not have been left with only a certain limited number defenses available to it.

44. As a proximate result of Mr. Worthington's and RMW's professional negligence/legal malpractice, Lincoln General suffered actual loss and damage in the form of facing a direct action by actual judgment creditors; incurring significant costs and legal fees in opposing summary judgment, opposing an award of prejudgment interest and preparing for the appeal in the coverage action and in filing the $3.125 million supersedeas bond.

## COUNT II – BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

45. Lincoln General realleges and incorporates paragraphs 1-44 of the Complaint as if fully set forth herein.

46. Mr. Worthington and RMW had a fiduciary relationship with Lincoln General as Lincoln General's counsel.

47. Lincoln General had and exhibited trust and confidence in Mr. Worthington and RMW as its counsel.

48. As Lincoln General's fiduciary, Mr. Worthington and RMW had a fiduciary duty to provide professional advice regarding matters related to insurance coverage for the underlying matter and Lincoln General's conduct related thereto, including related matters to which it was aware and all legal problems and adverse consequences related thereto.

49. Mr. Worthington and RMW breached their fiduciary duties to Lincoln General by failing to use such skill, prudence, and diligence as attorneys commonly possess and exercise,

failing to analyze all insurance policies that provided a duty to defend to Nwadike and American Bus Line in the underlying matter prior to advising that Lincoln General had no duty to defend in the underlying matter; failing to request, review, and/or analyze the auto policy prior to advising that Lincoln General had no duty to defend in the underlying matter; failing to advise Lincoln General of the repercussions of withdrawing the defense of Mr. Nwadike and America Bus Line in the underlying matter; providing an inaccurate coverage position in a letter to the policyholder; failing to provide Lincoln General a full and complete insurance coverage analysis; failing to advise regarding related matters to which it was aware; failing to advise of the potential adverse consequences of and legal problems regarding Lincoln General's conduct related to the underlying action, among other things.

50. But for Mr. Worthington's and RMW's breach of their fiduciary duties, Lincoln General would not have had a $2.5 million judgment entered against it and would not have been left with only a certain limited number defenses available to it.

51. As a proximate and direct result of Mr. Worthington's and RMW's breach of its fiduciary duties, Lincoln General suffered actual loss and damage in the form of facing a direct action by actual judgment creditors; incurring significant costs and legal fees in opposing summary judgment, opposing an award of prejudgment interest and preparing for the appeal in the coverage action and in filing the $3.125 million supersedeas bond.

**COUNT III – VICARIOUS LIABILITY**
**(Against RMW and Ryan Mercaldo LLP)**

52. Lincoln General realleges and incorporates paragraphs 1-51 of the Complaint as if fully set forth herein.

53. At all relevant times, the RMW and Ryan Mercaldo and any other legal professionals working with them in connection with the representation of Lincoln General and the forming of and providing of professional and legal analysis and opinion regarding Lincoln

General's insurance coverage obligations associated with the underlying matter were acting as agents or employees of the RMW and Ryan Mercaldo within their respective agency or employment.

54. Accordingly, RMW and Ryan Mercaldo is vicariously liable to Lincoln General for RMW's and Ryan Mercaldo's, and any other of its legal professionals', breaches of their duties of care and fiduciary duties and acts of professional negligence/legal malpractice that proximately caused damage to Lincoln General.

**WHEREFORE**, Lincoln General requests that this Court enter judgment in its favor and against Defendants and award it:

A. Actual and compensatory damages based on those amounts Lincoln General expended in opposing summary judgment, opposing an award of prejudgment interest and preparing for the appeal in the coverage action, including attorneys' fees and costs;

B. Actual and compensatory damages based on the filing of the $3.25 million supersedeas bond, including interest thereon and damages due to the loss of use of that amount;

C. Pre- and post-judgment interest;

D. Costs and attorneys' fees in this action; and

E. Any other relief proper under the evidence and circumstances.

Dated: 9/13/13

By: _____
Attorneys for Plaintiff
Lincoln General Insurance Company

GEORGE D. YARON, ESQ. (State Bar #96246)
gyaron@yaronlaw.com
HENRY M. SU, ESQ. (State Bar #171853) hsu@yaronlaw.com
YARON & ASSOCIATES
601 California Street, 21st Floor
San Francisco, California 94108
Telephone: (415) 658-2929

10
Complaint

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY | RYAN MERCALDO LLP, RYAN MERCALDO & WORTHINGTON LLP, and BRIAN P. WORTHINGTON |
| (b) County of Residence of First Listed Plaintiff  York County, PA  *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  San Diego, County, CA  *(IN U.S. PLAINTIFF CASES ONLY)*  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*  GEORGE D. YARON, ESQ. (SBN 96246), HENRY M. SU (SBN 171853)  YARON & ASSOCIATES  601 California St., Ste. 2100, San Francisco, CA 94108 (415) 658-2929 | Attorneys *(If Known)*  '13CV2192 W   DHB |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sections 1332, 1441 et seq., and 1446

Brief description of cause:
Legal Malpractice/Professional Negligence, Breach of Fiduciary Duty, and Vicarious Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 09/13/2013

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____