**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LINCOLN GENERAL INSURANCE COMPANY,

Plaintiff,

v.

RYAN MERCALDO LLP, *et al.*,

Defendants.

Case No. 13-cv-2192-W (DHB)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 9]**

On September 13, 2013, Plaintiff Lincoln General Insurance Company ("Lincoln General") commenced this legal-malpractice action against Defendants Ryan Mercaldo LLP, Ryan Mercaldo & Worthington LLP ("RMW"), and Brian P. Worthington. Defendants now move to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendants' motion to dismiss.

//

## I. BACKGROUND

### A. The Underlying Matter

On April 9, 2009, Lillian and Chris Gradillas filed a complaint for damages against Kenneth Nwadike, Jr., America Bus Line, and others in the San Francisco Superior Court ("underlying matter"). (FAC ¶ 8.) Plaintiff had issued a commercial general liability insurance policy ("CGL Policy") to America Bus Line and a business automobile insurance policy ("auto policy") to Mr. Nwadike d/b/a America Bus Line, both policy periods running from June 2007 to June 2008. (Id. ¶ 9.) Both policies "provided a duty to defend and a duty to indemnify covered claims, subject to each policy's respective terms, conditions and exclusions." (Id. ¶ 10.) "After receiving notice of the claim associated with the underlying matter and on May 27, 2009, Plaintiff agreed to defend America Bus Line and Nwadike in the underlying matter pursuant to a reservation of rights under its CGL Policy." (Id. ¶ 11.)

On May 28, 2009, Plaintiff retained Defendants to provide "professional and legal analysis on, and form an opinion regarding, its insurance coverage obligations associated with the underlying matter and issues related thereto." (FAC ¶¶ 12–15.) Consequently, on June 22, 2009, Defendants sent to Plaintiff "their professional and legal analysis and opinion regarding Lincoln General's insurance coverage obligations associated with the underlying matter[.]" (Id. ¶ 19.) Plaintiff alleges that Defendants "never requested a copy of the auto policy" and they "did not obtain, review or analyze the auto policy before providing the Coverage Opinion," despite knowing that Plaintiff had issued both policies. (Id. ¶¶ 18, 20–23.)

On July 6, 2009, two letters were sent to America Bus Line: "the first denying coverage and referencing the auto policy, and the other withdrawing the defense of Mr. Nwadike and America Bus Line in the underlying matter." (FAC ¶ 25.) Thus, "[i]n accordance with direction from Lincoln General based on the Coverage Opinion, counsel for Mr. Nwadike and America Bus Line withdrew his representation in the underlying matter." (Id. ¶ 27.)

In August 2011, the underlying matter settled, where Mr. Nwadike stipulated to a $2.5 million judgment in favor of Lillian and Chris Gradillas. (FAC ¶ 28.) On February 6, 2012, the Gradillases voluntarily dismissed the underlying matter. (Id. ¶ 29.) Then on September 14, 2012, the Superior Court granted the Gradillases' petition to reopen the case and enter the $2.5 million stipulated judgment. (Id. ¶¶ 30–31.)

**B. The Coverage Action**

Lillian and Chris Gradillas filed suit against Plaintiff, seeking $2.5 million from Plaintiff as assignees and judgment creditors of the underlying matter in the San Francisco Superior Court ("coverage action"). (FAC ¶ 32.) After the coverage action was removed to federal court, the Gradillases filed a motion for partial summary judgment against Plaintiff, "alleging that the underlying claim associated with the underlying matter was covered under the Lincoln General auto policy because, *inter alia*, the bodily injury arose out of the 'use' of an auto and that the automobile in use was covered under the auto policy as a temporary substitute despite not being on its schedule of covered automobiles." (Id. ¶¶ 33–34.) On December 3, 2012, the district court granted the Gradillases' motion, finding that "Lincoln General breached its duty to defend under the auto policy." (Id. ¶ 35.)

On March 22, 2013, the district court entered final judgment of $2.5 million against Plaintiff in the coverage action. (FAC ¶ 36.) Thereafter, Plaintiff appealed to the Ninth Circuit and posted a $3.125 million supersedeas bond. (Id. ¶ 37–38.)

**C. This Legal Malpractice Action**

On September 13, 2013, Plaintiff commenced this legal-malpractice action against Defendants, arising from their service as coverage counsel with respect to the underlying matter. On January 28, 2014, Plaintiff amended its complaint, asserting claims for: (1) legal malpractice / professional negligence; (2) breach of fiduciary duty; and (3) vicarious liability. It emphasizes the following paragraph in the FAC:

> [Defendants] breached their duties by, *inter alia*, . . . failing to analyze all insurance policies that provided a duty to defend prior to advising that Lincoln General had no duty to defend any of the defendants in the underlying matter; failing to request, review, and/or analyze the auto policy prior to advising that Lincoln General had no duty to defend any of the defendants in the underlying matter; . . . failing to provide Lincoln General a full and complete insurance coverage analysis; and failing to advise regarding reasonably apparent related matters, including legal problems, foreseeable harm and adverse consequences associated with the withdrawal of Lincoln General's defense in the underlying matter without any other action.

(FAC ¶ 44.) Defendants now move to dismiss the FAC under Rule 12(b)(6). Plaintiff opposes.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S., 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough

to raise a right to relief above the speculative level." Id. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. Id. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Both parties filed unopposed requests for judicial notice, most of which contain court documents in the related proceedings. Because these documents are properly subject to judicial notice under Federal Rule of Evidence 201, insofar as the Court relies on any of these documents, the Court **GRANTS** the requests.

## III. DISCUSSION

Under California law, a legal-malpractice claim must be filed within one year after the plaintiff "discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the

date of the wrongful act or omission, whichever occurs first." Cal. Civ. Proc. Code § 340.6(a). The limitations period is tolled during any of the following four circumstances: (1) "[t]he plaintiff has not sustained actual injury"; (2) "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred"; (3) "[t]he attorney willfully conceals facts constituting the wrongful act or omission when such facts are known to the attorney," applying only to the four-year limitation; and (4) "[t]he plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action." Id. § 340.6(a)(1)–(4).

The trigger for the limitations period is when the client discovers, or should have discovered, the facts constituting the wrongful act or omission, and "not by his discovery that such facts constitute professional negligence, i.e., by discovery that a particular legal theory is applicable based on the known facts." Truong v. Glasser, 181 Cal. App. 4th 102, 110 (2009) (quoting Worton v. Worton, 234 Cal. App. 3d 1638, 1650 (1991)) (internal quotation marks omitted). "It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action." Worton, 234 Cal. App. 3d at 1650. However, "the burden of proving plaintiff's actual or constructive discovery of defendant's wrongdoing in connection with [the statute-of-limitations] defense falls statutorily to defendant." Samuels v. Mix, 22 Cal. 4th 1, 8 (1999).

The essential inquiry for the purpose of this motion is when the statute of limitations began accruing for Plaintiff's legal-malpractice claim. Defendants argue that the limitations period began accruing in February 2012 at the commencement of the "Bad Faith Action," or as Plaintiff calls, the coverage action, which is when Defendants contend that Plaintiff knew there was a defect in the coverage opinion. (Defs.' Mot. 8:27–9:10.) However, according to Plaintiff, "[t]he gravamen of the malpractice claim is that Defendants breached their duty to provide Lincoln General a comprehensive coverage opinion raising the possibility that the bus was a temporary substitute covered

under the Auto Policy." (Pl.'s Opp'n 8:7–16.) Consequently, Plaintiff argues that the limitations period began in September 2012 when it first "came to appreciate that Defendants' 2009 failure to opine on the substitute auto issue might result in an adverse judgment" after the Gradillases filed a partial-summary-judgment motion in which they "first articulated their claim that Lincoln General's coverage denial under the Auto Policy was improper because the bus, although not scheduled, was a temporary substitute." (Id. at 9:24–10:5.)

To support its position, Plaintiff emphasizes that the Gradillases' complaint in the coverage action did not indicate that they were "pursuing substitute auto coverage"; rather, "[t]he complaint addressed the CGL Policy only and made no mention of the Auto Policy." (Pl.'s Opp'n 9:5–23.) To refute Plaintiff's contention, Defendants direct the Court's attention to the answer that Plaintiff filed in the coverage action, which purportedly shows that Plaintiff "not only knew the Auto Policy was at play, but that it had analyzed its defenses associated with the Auto Policy and asserted a number of affirmative defenses explicitly directed toward the Auto Policy." (Defs.' Reply 2:24–4:6; see Defs.' Ex. H.) Defendants appear to amend their position regarding the accrual date in their reply brief, arguing instead that the limitations period began accruing in May 2012 when Plaintiff filed its answer in the coverage action but still remains time-barred. (Defs.' Reply 4:7–14.)

Defendants are correct that the Plaintiff's answer in the coverage action makes references to the auto policy. (See Defs.' Ex. H.) They highlight the Second, Third, Fifth, and Twenty-fourth Affirmative Defenses in which Plaintiff practically puts forth the same proposition—that no potential or actual coverage existed under the auto policy. (See id.) But merely denying that coverage existed under the auto policy does not necessarily lead to the conclusion that Plaintiff discovered, or even through the use of reasonable diligence should have discovered, the facts constituting Defendants' alleged wrongful conduct. See Truong, 181 Cal. App. 4th at 110. That same uncertainty also exists as to whether the commencement of the coverage action

necessarily leads to the conclusion that Plaintiff discovered, or through the use of reasonable diligence should have discovered, the facts constituting Defendants' alleged failure to request, review, and analyze the auto policy prior to advising Plaintiff that it had no duty to defend any of the defendants in the underlying matter. See id.

In sum, there remain questions of fact that need to be resolved regarding the point in time when the limitations period began accruing, and thus, the Court cannot conclude at this time that Plaintiff's legal-malpractice claim is time-barred. Consequently, Defendants fail to meet their burden under Rule 12(b)(6) to show that Plaintiff's legal-malpractice claim is time-barred. See Truong, 181 Cal. App. 4th at 110.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Defendants' motion to dismiss. (Doc. 9.)

**IT IS SO ORDERED.**

**DATE: May 9, 2014**

**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California