UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY,<br><br>                            Plaintiff,<br><br>    v.<br><br>RYAN MERCALDO LLP, RYAN MERCALDO & WORTHINGTON LLP, and BRIAN P. WORTHINGTON,<br><br>                          Defendants. | Civil No.   13-cv-2192-W (DHB)<br><br>**ORDER REGARDING JOINT MOTION RE: PROTECTIVE ORDER**<br><br>**[ECF No. 41]** |

On April 3, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute Regarding Protective Order. (ECF No. 41.) The parties dispute whether a protective order should be entered in this action. Having reviewed the parties' submissions and supporting exhibits, the Court **GRANTS in part** Plaintiff's request for a protective order, as set forth below.

**I. BACKGROUND**

This is a legal malpractice action arising out of a coverage opinion rendered by Defendants with respect to an underlying state court action involving one of Plaintiff's insureds. In April 2009, Lillian and Chris Gradillas sued Kenneth Nwadike, America Bus Line, and others in state court following a sexual assault that occurred on a bus operated by Mr. Nwadike and American Bus Line. Mr. Nwadike and America Bus Line were

insured by Plaintiff, Lincoln General Insurance Company. Plaintiff agreed to defend the underlying action with a reservation of rights letter. Thereafter, Plaintiff retained Defendants to issue a coverage opinion. Based on Defendants' coverage opinion, Plaintiff denied coverage in the underlying action and withdrew its defense. A stipulated judgement was entered against Mr. Nwadike and America Bus Line, and they assigned their rights to the Gradillases. (ECF No. 8.)

In February 2012, the Gradillases, as assignees, instituted an insurance bad faith action against Plaintiff. Summary judgment was entered in favor of the Gradillases, and a final judgment of $2.5 million dollars was entered against Plaintiff. The bad faith case is currently on appeal in the Ninth Circuit. (*Id.*)

In the instant action, Plaintiff alleges claims against Defendants for legal malpractice/professional negligence, breach of fiduciary duty, and vicarious liability. (*Id.*) The parties have commenced discovery, but have reached an impasse regarding whether a protective order is necessary in this case. It appears that Plaintiff is refusing to complete its document production until the issue is resolved.

On April 3, 2015, following unsuccessful meet and confer efforts, the parties filed the instant motion. (ECF No. 41.)

## II. DISCUSSION

The Court in its discretion may enter a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .."). The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estate of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). If a showing of particularized harm from disclosure is made, the Court then balances the public and private interests to decide whether a protective order is necessary. *Id.*

Here, the parties have identified three categories of documents that are at issue: (1) documents relating to the underlying sexual assault claim; (2) documents relating to

Plaintiff's dealings with its insured, Mr. Nwadike, including Plaintiff's entire claim file; and (3) documents relating to the issues bearing on the pending bad faith action that may not be discoverable in that action. Plaintiff argues that a protective order is necessary to protect the privacy of the sexual assault victim, and to prevent harm to Plaintiff in the pending bad faith action. Defendant counters that Plaintiff has not met its burden to show a particularized need for a protective order. Defendant argues the sexual assault victim never requested a protective order be entered in the underlying action, that the claim file would be subject to discovery in the bad faith case, and that any concerns regarding privilege can be addressed through redaction.[1]

First, with regard to documents relating to the underlying sexual assault claim, the Court finds a protective order is warranted. The victim, Ms. Gradillas has an expectation of privacy in these matters. Although it appears that a protective order was not issued in the underlying action, there is no information regarding the scope of the documents that were produced in that case. It is possible that Plaintiff may have documents relating to the sexual assault that were not produced by Ms. Gradillas in the underlying case. Therefore, to protect the privacy interests of the sexual assault victim, who is a third party and not represented in this action, the Court finds good cause exists for the entry of a protective order concerning documents relating to the underlying sexual assault claim.

Next, with regard to the second category of documents, the Court finds that Plaintiff has not met its burden to show a protective order is necessary. Plaintiff seeks to protect the entire claim file on the premise that disclosure may negatively impact Plaintiff in the pending bad faith action, in the event that case is remanded. However, the claim file is subject to discovery in the bad faith case. Moreover, the Court notes that Mr. Nwadike waived his expectation of privacy or confidentiality relating to his dealings with Plaintiff when he assigned the bad faith claim to the Gradillases. Accordingly, the Court

---

[1] The Court notes that Plaintiff has produced extensively redacted copies of billing records. Although Plaintiff has apparently agreed to revise its redactions to the billing records, the Court reminds Plaintiff that billing statements should only be redacted if the content contains work product or privileged information.

declines Plaintiff's request to enter a blanket protective order concerning documents, including Plaintiff's entire claim file, that relate to Plaintiff's dealings with its insured, Mr. Nwadike.

Finally, the Court finds good cause exists for the entry of a protective order concerning documents that would not otherwise be discoverable in the pending bad faith action, such as attorney-client privileged communications. The Court agrees with Plaintiff that the potential for the improper sharing of privileged and confidential information with the litigants in the bad faith action warrants protection.

Considering the public and private interests, the Court finds that on balance, a limited protective order is appropriate in this case to protect the first and third categories of documents identified by the parties. The Court finds that a protective order is not necessary for the second category of documents. Accordingly, Plaintiff is directed to produce to Defendants all responsive documents in the second category forthwith. The parties are further instructed to meet and confer, and submit for the Court's consideration, a mutually agreeable protective order regarding the first and third categories of documents.

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS that Plaintiff's request for a protective order is **GRANTED in part**. The parties shall submit to the Court a proposed protective order that complies with the Court's ruling no later than **May 1, 2015**.

**IT IS SO ORDERED.**

DATED: April 15, 2015

DAVID H. BARTICK
United States Magistrate Judge