# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | Case No. 13cv2192-W (DHB) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| RYAN MERCALDO LLP, RYAN MERCALDO & WORTHINGTON LLP, AND BRIAN P. WORTHINGTON, | |
| Defendants. | |

Considering the public and private interests, the Court finds that, on balance, good cause exists for the entry of a limited protective order covering certain categories of documents, information, and materials being sought through discovery in the above-captioned action. Accordingly, IT IS HEREBY ORDERED that the following protective order shall be issued in this case:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information, documents, and materials: (i) that relate to the underlying sexual assault claim, and/or (ii) that relate to the issues bearing on the pending bad faith

1

action that would not be discoverable in the bad faith action, such as attorney-client communications; and such is deemed to be and designated as Confidential Information or "Confidential" by any party to this case.

    2.    The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified as follows: Morrow & White; Ruberry, Stalmack & Garvey, LLC; Klinedinst P.C.

## GENERAL RULES

    3.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

    4.    Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information designated as "CONFIDENTIAL" falls within the two limited categories set forth above in paragraph 1, and as discussed in the Court's April 15, 2015 Order concerning the entry of this Protective Order.

    5.    Whenever a deposition taken by or on behalf of any party involves a disclosure of Confidential Information:

    a.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

2

  b. any person in attendance at any deposition, with the exception of the court reporter, wherein Confidential Information is disclosed is subject to this Protective Order;

  c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

 6. All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

 7. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 2), by fact or opinion witnesses in the case, by independent experts, by court reporters, and by the parties and their agents, provided each such person has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.

 8. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

 9. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 2, except that opinion witnesses and independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. Before any Confidential Information, including, but not limited to, material produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents designated as Confidential Information, is filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

11. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

12. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designated party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

13. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized

Case 3:13-cv-02192-W-DHB Document 43 Filed 05/06/15 PageID.883 Page 5 of 9

disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

16. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. This Order will be without prejudice to the right of any party to oppose production of any information, documents, or materials for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

5

18. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

19. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations set forth within this Order will not be deemed to prohibit discussion of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

22. Transmission by electronic mail or facsimile is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED.

Dated: May 6, 2015

Hon. David H. Bartick
United States Magistrate Judge

|   |   |
|---|---|
| LINCOLN GENERAL INSURANCE COMPANY, | ) Case No. 13cv2192-W (DHB) ) |
| Plaintiff, | ) **AGREEMENT TO BE BOUND BY** ) **PROTECTIVE ORDER** ) |
| v. | ) ) |
| RYAN MERCALDO LLP, RYAN MERCALDO & WORTHINGTON LLP, AND BRIAN P. WORTHINGTON, | ) ) ) ) ) |
| Defendants. | ) ) |

I, _____, declare and say that:

    1.    I am employed as _____, by _____.

    2.    I have read the Protective Order entered in the above-captioned matter and have received a copy of the Protective Order.

    3.    I promise I will use any and all "Confidential" information, as defined

in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of the above-captioned matter.

4. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons so allowed in the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

Signed: _____